J. E. SPERRY and ROSE A. McCULLOUGH v. IMOGENE C. SPERRY, Executrix and Trustee, Appellant.

**Wills:** CONSTRUCTION: PARTICIPATION IN REAL ESTATE. In the construction of the various provisions of the will and codicil in question, it is held that the widow as trustee held title to a certain eighty acres from which a bequest to one of the heirs was to be made equal to that of others, and that the balance was intended for the use of still other heirs to whom no specific devise of real estate was made.

*Appeal from Des Moines District Court.*—HON. JAMES D. SMYTH, Judge.

THURSDAY, FEBRUARY 9, 1905.

ACTION to construe certain provisions of a will. Order as prayed, from which defendant appeals.— *Modified.*

*William T. Maxey,* for appellant.

*W. E. Blake,* for appellees.

LADD, J.— John M. Sperry died testate in 1901, leaving, him surviving, a widow and six children. For each of these, provision was made in the will, and the widow designated as executrix. By the third clause she was given the use of certain lands during her life, and the fourth directed her to control the " residue," save that devised to the children, " for the uses and purposes hereinafter expressed."

The sixth clause directed the payment of $150 per year for eight years to J. E. Sperry, and the seventh clause contained a like provision for Rosa A. McCullough. The eighth, ninth, tenth, and eleventh clauses devise certain lands to each of the other children. After bestowing described tracts on P. W. Sperry, the eleventh clause reads: " As the mother trustee has in her control to rent or sell 80 acres described as follows: The S. ½ of the N. W. ¼ Sec. 14, Tp. 71 R. 3 W. She will be authorized to pay P. W. Sperry up to equalizing with Kate and B. M. Sperry." Certain discretionary powers were conferred on the executor in each of these. The thirteenth clause may be set out:

" All lands, lots and other property, if any remaining after filling all my bequests herein made, I give, devise and bequeath to my beloved wife, Imogene C. Sperry, to be retained or sold by her at the pleasure of my wife, Imogene C. Sperry, she to have the same, absolutely, to use or dispose of, as she may see fit during her natural life.

" Continued lot, eighty (80) acres described in article eleven to my wife, controlled as trustee for all the heirs; to sell or continue to rent."

The will was executed March 1, 1899, and on the 4th day of June, 1900, the deceased made a codicil, with clauses corresponding in number with those in the will, " instructing and explaining more fully " his wishes to the executor, in which words are defined, and he declares that $600 has been advanced on the bequest to J. E. Sperry, and remarks: " All correct for Rosa A. McCullough." Clause 13 was as follows: " The words, all the heirs, does not mean those having share in real estate."

The only question to be determined is the ownership of the eighty acres. The district court decreed that the executrix held it for the sole benefit of plaintiffs. The authority of the executrix to rent or sell it is not questioned, but plaintiffs contend that, as they are the only heirs to whom real estate was not specifically devised, it was the

intention of the testator that they have this tract. The will and codicil should be read together as one instrument, as nearly as may be; and, as argued by appellant, the law does not favor revocation of conditions of a prior will by implication. Putting the two, in so far as they relate to this land, together, the last paragraph of the thirteenth clause reads:

"Continued lot, eighty acres described in article eleven to my wife, controlled as trustee for all the heirs not having share in the real estate; to sell or continue to rent."

As land was specifically devised to each of the others, the plaintiffs, J. E. Sperry and Rosa A. McCullough, must have been intended. Though the gift is not expressed in explicit terms, it is necessarily to be implied from the language employed. The provision is not open to the criticism of being vague and ambiguous. Apparently all other property had been disposed of, and the devise of the eighty was to his wife, to be controlled for the benefit of plaintiffs. Clause 7 of the codicil had sole reference to the legacy, and for this reason is not inconsistent with the exclusion of those sharing real estate from participating in the devise of the eighty acres. But it is said that the eleventh clause of the will indicated a purpose that the executor make use of this tract to equalize the division among the heirs. This may be rejected, save as to P. W. Sperry, for whose benefit the last sentence seems too specific to be ignored. No charge on this land is created in favor of any other. As to him the authority to equalize with Kate or B. M. Sperry is specific, and the source from which the amount to accomplish this is to be obtained is pointed out as being the rent or proceeds of the sale of this land. But for the codicil limiting the heirs who are to take the eighty acres, appellees do not question the correctness of this construction. They insist, however, that, in excluding all heirs who share the real estate, P. W. Sperry was cut off both as one of the heirs and devisee entitled to enough therefrom to render his portion equal to that of Kate or B. M. Sperry. We do not con-

cur in this view. Under the will, he was entitled to enough from the eighty acres to equalize his portion under the eleventh clause, and to his part of the remainder as one of the beneficiaries designated as heirs in the eleventh clause. The codicil did not purport to deprive him of the first. It merely excluded him, with others, to whom real estate had been devised, from the class designated as heirs for whose benefit the executor was to take and control the tract subject to the conditions contained in the eleventh clause. This construction harmonizes the several provisions of both instruments, and is not inconsistent with the condition of either. Whether, in view of the devise to P. W. Sperry in the fifteenth clause, anything should be paid him, is a question with which we are not now concerned.

Some claim is made that extrinsic evidence should have been received. The record fails to show that any was offered.

The order of the district court will be modified so as to include a direction to the executor to pay P. W. Sperry enough from the rents or proceeds of the eighty acres to render what he received under the will equal to that of Kate Costner or B. M. Sperry.

Modified and *affirmed.*